UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DYANNE K., <br><br>        Plaintiff, <br><br>    v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>        Defendant. | CASE NO. 2:19-CV-1740-DWC <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

## I.    INTRODUCTION

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") denial of Plaintiff's applications for disability insurance ("DI") and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the administrative law judge ("ALJ") did not harmfully err when he rejected Plaintiff's testimony regarding the severity of her

symptoms, and medical opinions from Phyllis Sanchez, Ph.D., Melanie Mitchell, Psy.D., and Heidi Griffin Street, LICSW. Accordingly, the ALJ's finding of non-disability is supported by substantial evidence, and the Commissioner's decision is affirmed.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed applications for DI and SSI in June 2014, alleging disability as of August 7, 2013. *See* Dkt. 10, Admin. Record ("AR"), 82, 92, 194–206. The applications were denied on initial administrative review, and on reconsideration. *See* AR 82–101, 104–27. A hearing was held before ALJ Cheri Filion on June 9, 2016. *See* AR 37–79. In a decision dated July 28, 2016, ALJ Filion determined Plaintiff to be not disabled. *See* AR 20–32. The Appeals Council denied review. *See* AR 1–3.

Plaintiff then sought review before this Court. *See* AR 510–11. On August 20, 2018, U.S. District Judge Benjamin H. Settle entered an order reversing and remanding Plaintiff's case for further administrative proceedings. *See* AR 514–34. Judge Settle ordered that the ALJ must reevaluate Plaintiff's testimony regarding her ability to maintain concentration, persistence, and pace; reevaluate the opinions of Dr. Sanchez, Dr. Mitchell, and Cynthia Collingwood, Ph.D.; reevaluate the lay testimony of Ms. Street; and conduct further proceedings as necessary to reevaluate the disability determination. AR 533–34.

On remand, ALJ Timothy Mangrum held a new hearing. *See* AR 442–83. In a decision dated July 1, 2019, ALJ Mangrum determined Plaintiff to be not disabled. *See* AR 420–36. Plaintiff did not file written exceptions and the Appeals Council did not assume jurisdiction of the case. *See generally* AR. ALJ Mangrum's decision thus became the Commissioner's final decision. *See* 20 C.F.R. §§ 404.984(d), 416.1484(d).

In Plaintiff's opening brief, she maintains the ALJ erred by (1) discounting Plaintiff's symptom testimony, and (2) rejecting the opinions of Dr. Sanchez, Dr. Mitchell, and Ms. Street. *See* Dkt. 10, p. 1.

### III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### IV. DISCUSSION

**A.  Whether the ALJ Erred in Discounting Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erred in discounting Plaintiff's testimony regarding the severity of her symptoms. *See* Dkt. 12, pp. 9–17. At the first hearing in this case, Plaintiff testified she sometimes cannot leave her house or be around people due to anxiety, agoraphobia, and panic attacks. *See* AR 51. Plaintiff also testified she cannot maintain concentration, persistence, or pace because of her symptoms. *Id.*

Judge Settle affirmed the ALJ's rejection of Plaintiff's testimony regarding her alleged inability to leave her house or be around people. *See* AR 520. Judge Settle found the ALJ erred, however, in her rejection of Plaintiff's testimony regarding her ability to maintain concentration, persistence, and pace. *See* AR 520–23.

At the second hearing, Plaintiff testified she cannot work full-time because she gets overwhelmed by stress. *See* AR 455–59. Plaintiff testified she has on average at least one panic attack per week. *See* AR 460–61. Plaintiff testified she has trouble concentrating and focusing on tasks. *See* AR 467–70.

The ALJ found Plaintiff's testimony "not entirely consistent with the medical evidence and other evidence in the record." AR 426. The ALJ incorporated ALJ Filion's earlier discussion of Plaintiff's inability to leave her house or be around people, leaving only Plaintiff's testimony regarding her ability to concentrate and persist for the ALJ to consider. *See* AR 429–30. The ALJ rejected this testimony because it was inconsistent with Plaintiff's level of treatment, her ability to function with her symptoms, as demonstrated by her past full-time and present part-time work, and her pursuit of unemployment benefits. *See* AR 426 –31. The ALJ further reasoned Plaintiff's testimony was undermined because she presented differently to doctors examining her as part of her disability applications than she presented to her treatment providers. *See* AR 426–27.

The ALJ did not harmfully err in rejecting Plaintiff's testimony regarding the severity of her symptoms as inconsistent with her level of treatment. An ALJ may discount the claimant's testimony when the "'level or frequency of treatment is inconsistent with the level of complaints.'" *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (quoting Social Security Ruling ("SSR") 96–7p, 1996 WL 374186, at *7 (July 2, 1996)).[1] The ALJ reasonably noted Plaintiff received little to no treatment between August 2012 and November 2015. *See* AR 295–98, 353–66, 377–78, 382–85, 399–408, 426–29. The ALJ also reasonably noted Plaintiff's symptoms appeared stable and managed with medication once she started consistent treatment, with the counseling sessions Plaintiff attended focusing on working through stressful work

---

[1] SSR 96–7p has been superseded by SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017). SSR 16–3p nonetheless retains language providing that an ALJ may discount a claimant's testimony "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints." *Id.* at *9.

relationships and acute situational stressors. *See* AR 389–92, 397, 428–29, 678, 681, 689–90, 701, 703, 723, 725, 741, 762.

The Court need not address the remainder of the ALJ's reasons for rejecting Plaintiff's testimony because any error in that analysis was harmless. "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina*, 674 F.3d at 1115 (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Whether Plaintiff's past and current work history contradicted her testimony, for example, does not invalidate the ALJ's conclusion that Plaintiff's level of treatment contradicted her testimony. The ALJ therefore did not harmfully err in rejecting Plaintiff's symptom testimony.

**B.     Whether the ALJ Erred in Rejecting Several Medical Opinions**

Plaintiff contends the ALJ erred in rejecting the opinions of examining psychologists Dr. Sanchez and Dr. Mitchell, and treating therapist Ms. Street. Dkt. 12, pp. 2–8. The ALJ addressed the opinions of Dr. Sanchez and Dr. Mitchell together, so the Court will do the same.

1.     <u>The ALJ Did Not Harmfully Err in Rejecting Dr. Sanchez's and Dr. Mitchell's Opinions</u>

Dr. Sanchez examined Plaintiff in August 2013. *See* AR 301–07. She conducted a clinical interview and mental status exam. AR 301, 304. Dr. Sanchez opined that Plaintiff had marked limitations in her ability to maintain a regular work schedule, adapt to changes in a routine work setting, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal work day or week without interruptions from her psychologically-based symptoms. AR 303.

Dr. Mitchell examined Plaintiff in March 2014. *See* AR 308–24. She reviewed Dr. Sanchez's report, conducted a clinical interview and mental status exam, and administered

several psychological tests. *See* AR 308–09, 311–12, 319–24. Dr. Mitchell gave an opinion similar to that of Dr. Sanchez. She opined that Plaintiff had marked limitations in her ability to maintain a regular work schedule, communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, and complete a normal work day or week without interruptions from her psychologically-based symptoms. AR 310. Dr. Mitchell also opined that Plaintiff was markedly limited in her ability to understand, remember, and persist in tasks by following detailed instructions, and to plan independently. *Id.*

The ALJ gave "minimal weight to the opinions of Dr. Sanchez and Dr. Mitchell." AR 431. The ALJ reasoned that these doctors' opinions were inconsistent with the overall medical evidence, as Plaintiff's presentation during their exams did not align with her presentation to her treatment providers. AR 431–32. The ALJ reasoned that Dr. Sanchez's and Dr. Mitchell's opinions were inconsistent with their own findings. *Id.* The ALJ reasoned that these doctors' opinions were inconsistent with Plaintiff's demonstrated ability to perform part-time work. *Id.* Finally, the ALJ noted that Dr. Sanchez "limited the duration of her opined limitations to ten months, further reducing their probative value to the relevant period of this decision." AR 432 (internal citations omitted).

An ALJ may only reject the opinions of an examining doctor when contradicted if the ALJ provides "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d at 1035, 1043 (9th Cir. 1995)). The ALJ can satisfy this requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ did not err in rejecting the opinions of Dr. Sanchez and Dr. Mitchell as inconsistent with the overall medical evidence. An ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson*, 359 F.3d at 1195. As explained above, the ALJ reasonably found Plaintiff received minimal mental health treatment through at least November 2015. *See supra* Part IV.A. The ALJ also reasonably noted Plaintiff's symptoms appeared stable and managed with medication once she started consistent treatment. *See id.* This evidence conflicted with Dr. Sanchez's and Dr. Mitchell's opinions that Plaintiff had marked limitations in her ability to work, and the ALJ did not err in rejecting those opinions based on that conflict.

The Court need not address the remainder of the ALJ's reasons for rejecting the opinions of Dr. Sanchez and Dr. Mitchell because, as with his analysis of Plaintiff's testimony, any error in those additional reasons was harmless. *See Molina*, 674 F.3d at 1115. The ALJ therefore did not harmfully err in rejecting the opinions of Dr. Sanchez and Dr. Mitchell.

2. <u>The ALJ Did Not Harmfully Err in Rejecting Ms. Street's Opinions</u>

Ms. Street was one of Plaintiff's mental health therapists. *See* AR 394–96, 414–16, 774–89. She submitted a medical source statement dated June 8, 2016. *See* AR 414–16. Ms. Street opined that Plaintiff had no ability to respond appropriately to work pressures and changes to the work setting. *See* AR 414–15. Ms. Street opined that Plaintiff was markedly limited in her ability to interact appropriately with the public, supervisors, and coworkers. *Id.*

The ALJ gave Ms. Street's opinions minimal weight. AR 432–33. The ALJ reasoned that Ms. Street had no documented exam findings prior to the date of her statement. AR 433. The ALJ reasoned that Ms. Street's later exam findings showed minimal symptoms that could not support her opinions. *Id.* The ALJ reasoned that Ms. Street's opinions were inconsistent with the

overall medical evidence and Plaintiff's demonstrated ability to perform part-time work. *Id.* And the ALJ reasoned that Ms. Street relied too heavily on Plaintiff's self-reports.

The ALJ did not err in rejecting Ms. Street's opinions as inconsistent with the overall medical evidence, just as he did not err in doing so with respect to Dr. Sanchez's and Dr. Mitchell's opinions. *See supra* Part IV.B.1. Again, Plaintiff received minimal treatment during the beginning of the alleged disability period, and received effective treatment when she sought more of it. *See id.*

Once again, the Court need not address the ALJ's remaining reasons for rejecting Ms. Street's opinions because any error in that analysis was harmless. *See Molina*, 674 F.3d at 1115. The ALJ thus did not harmfully err in rejecting Ms. Street's opinions.

V. CONCLUSION

Based on the foregoing reasons, the Court finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 9th day of June, 2020.

David W. Christel
United States Magistrate Judge